974 F.2d 1345
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Alfred MONTOYA, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee.
 No. 92-6131.
 United States Court of Appeals, Tenth Circuit.
 Aug. 17, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this panel. See Fed.R.App.P. 34(e); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from the denial of a petition for a writ of habeas corpus which challenged the actions of the United States Parole Commission. Petitioner, Mr. Montoya, contended he was denied his right to counsel in the proceedings before the Commission and that the Commission acted without good cause in the establishment of his presumptive parole date. This case is an outgrowth of Mr. Montoya's previous appeal of a similar case in Montoya v. United States Parole Comm'n, 908 F.2d 635 (10th Cir.1990) (Montoya I).
 
 
 3
 A divided court in Montoya I reversed and remanded a Commission decision setting Mr. Montoya's presumptive parole date above the guidelines because the majority of the court believed the record did not support the Commission's conclusion that Mr. Montoya's history of assaultive, aggressive behavior made him a serious parole risk. This court vacated the Commission's decision and remanded with instructions that "further proceedings it may conduct be consonant with the views expressed herein."
 
 
 4
 The keystone of Mr. Montoya's present petition and his appeal to this court is a narrow view of this court's prior action. Disregarding the fact that our vacation of the Commission's decision and order effectively returned the parole proceeding to its beginning, Mr. Montoya seizes upon language in footnote five of the court's opinion and argues statements contained in the footnote circumscribed the jurisdiction of the Commission.
 
 
 5
 Mr. Montoya has misunderstood both the nature and content of that footnote, and his approach to this case has therefore been off track since its beginning. The footnote was nothing more than an observation that if the Commission were to decide that Mr. Montoya's criminal history and the length of his commitment-free period formed a basis for departing from the guidelines, the Commission "should" explain how those factors have a bearing on Mr. Montoya's parole prognosis. Montoya I, 908 F.2d at 640. Thus, the plain language of the footnote is suggestive and not mandatory. More importantly, it in no way limits the Commission's right and authority to reconsider Mr. Montoya's case as though the first proceeding had not occurred.
 
 
 6
 The only effect of this court's opinion in Montoya I is to establish, as a matter of law, the previous reasons relied upon by the Commission to conclude Mr. Montoya has a history of assaultive and aggressive behavior are insufficient. On this holding, we ordered the Commission to begin its proceedings again.[1] Thus, the premise upon which Mr. Montoya has based his entire habeas case is faulty. We therefore agree with the analysis of the district court.
 
 
 7
 Because of Mr. Montoya's belief and insistence that the Commission disobeyed the import of footnote five in Montoya I, we have examined the record on that subject. This review is guided by the fact that we did not prohibit the Commission from referring to Mr. Montoya's criminal history in determining his presumptive parole date, as Mr. Montoya believes. Instead, we suggested the Commission explain how that history affected Mr. Montoya's parole prognosis. That explanation was made.
 
 
 8
 Mr. Montoya argues with the Commission's characterization of his drug dealing activities, but that characterization is not inconsistent with the record made before the Commission. We therefore have no basis for concluding the Commission has violated our mandate in any way.
 
 
 9
 We AFFIRM the judgment of the district court for the reasons stated in its order of March 24, 1992. Appellant's pending motions in this court are DENIED as moot.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 That can be the only result from a mandate ordering "further proceedings."